IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LUCAS DUVALL, #B83484,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 3:22-cv-00294-SMY |
| | ) |
| **DR. SIDDIQUI,** | ) |
| **DR. RITZ,** | ) |
| **DR. CONWAY,** | ) |
| **T. WHITE,** | ) |
| **DR. BOWMAN,** | ) |
| **M. KLEIN,** | ) |
| **NP MOLDENHAUER,** | ) |
| **NP ZIMMER, and** | ) |
| **WEXFORD HEALTH SOURCES, INC.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Lucas Duvall, an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 alleging deprivations of his constitutional rights at Menard Correctional Center. This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): Plaintiff's request for a GI evaluation for severe, chronic abdominal pain was presented in Wexford collegial review on June 18, 2020 and denied by Dr. Ritz and Dr. Siddiqui. They made an alternative

treatment plan ("ATP") to try Levsin and review Plaintiff's commissary purchases. Plaintiff filed a grievance on July 20, 2020 regarding the denial for diagnostic testing for his abdominal pain. Dr. Siddiqui presented Plaintiff's request in collegial review again on August 27, 2020. Dr. Ritz again denied the request for diagnostic testing and made another ATP to stop NSAIDS, make all GI medications DOT, monitor weight trends, and check commissary purchases.

Plaintiff saw NP Moldenhauer on November 2, 2020 and asked why his requests for diagnostic testing were being denied. Moldenhauer told him that it costs too much money to be sent to an outside hospital for those tests and ATPs are cheaper. Plaintiff filed an emergency grievance on November 29, 2020 about his chronic abdominal pain, the denial of his requests for diagnostic testing, and the orders for ATPs that Dr. Siddiqui and Dr. Ritz knew were ineffective. Health Care Unit Administrator Angela Crain issued a response to that grievance on December 8, 2020 noting the denial of the requests for diagnostic testing had been appealed on September 9, 2020. The appeal had been sent to OHS Team members Dr. Conway, T. White, M. Klein, and Dr. Bowman but there had been no response.

Plaintiff had x-rays on January 21, 2021 that showed moderate constipation. NP Moldenhauer and NP Zimmer falsified the x-ray results. They did not provide medical treatment or refer Plaintiff for diagnostic testing and thereby further denied Plaintiff medical treatment for his abdominal pain.

Plaintiff was taken to an outside hospital on September 20, 2021 for abdominal pain that was causing chest, arm, and leg pain. A referral was made for a CT scan, which was performed on February 18, 2022.

Wexford Health Sources, Inc.'s policies and procedures to employ more cost-effective

ATPs and avoid costly diagnostic testing resulted in denials and delays of constitutionally adequate medical treatment for Plaintiff's severe, chronic abdominal pain.

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:[1]

> Count 1: Eighth Amendment claim against Dr. Siddiqui and Dr. Ritz for exhibiting deliberate indifference to Plaintiff's serious medical needs by denying and delaying diagnostic testing and treatment for his chronic abdominal pain and continuing alternative treatment plans that they knew were ineffective.
>
> Count 2: Eighth Amendment claim against Dr. Conway, T. White, M. Klein, and Dr. Bowman for exhibiting deliberate indifference to Plaintiff's serious medical needs by denying and delaying diagnostic testing and treatment for his chronic abdominal pain.
>
> Count 3: Eighth Amendment claim against NP Moldenhauer and NP Zimmer for exhibiting deliberate indifference to Plaintiff's serious medical needs by failing to provide medical treatment for Plaintiff's constipation and denying and delaying diagnostic testing and treatment for his chronic abdominal pain.
>
> Count 4: Eighth Amendment claim against Wexford Health Sources for maintaining policies and practices that resulted in medical providers at Menard denying and delaying diagnostic testing and treatment for Plaintiff's chronic abdominal pain and continuing alternative treatment plans that were ineffective.

## Discussion

Prison officials and medical staff violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state a claim, a prisoner

---

[1] Any claim that is mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

3

must allege facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* "[D]eliberate indifference may be found where an official knows about unconstitutional conduct and facilitates, approves, condones, or turns a blind eye to it." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015). A corporation may be held liable for deliberate indifference if it had a policy or practice that caused the violation. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004)

The allegations in the Complaint are sufficient to proceed on the following deliberate indifference claims: Count 1 against Dr. Siddiqui and Dr. Ritz; Count 2 against Dr. Conway, T. White, M. Klein, and Dr. Bowman; and Count 3 against NP Moldenhauer and NP Zimmer. Additionally, Plaintiff has stated a viable claim in Count 4 against Wexford; that medical care was denied and/or delayed as a result of Wexford's policies and practices.

## Disposition

Following preliminary review under § 1915A the following claims will proceed: Count 1 against Dr. Siddiqui and Dr. Ritz; Count 2 against Dr. Conway, T. White, M. Klein, and Dr. Bowman; Count 3 against NP Moldenhauer and NP Zimmer; and Count 4 against Wexford Health Sources.

The Clerk of Court shall prepare for Dr. Siddiqui, Dr. Ritz, Dr. Conway, T. White, M. Klein, Dr. Bowman; NP Moldenhauer, NP Zimmer, and Wexford Health Sources, Inc.: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of

Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution. *See* Fed. R. Civ. P. 41(b).

Based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:  June 28, 2022**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**U.S.  District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve the Defendants with a copy of your Complaint.  After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint.  It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer or other responsive pleading, but it is entirely possible that it will take **90 days** or more.  When Defendants have filed their Answer(s), the Court will enter a Scheduling and Discovery Order containing important information on deadlines, discovery, and procedures. **Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff should not submit any evidence to the Court at this time, unless specifically directed to do so.**