### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LUCAS DUVALL, #B83484, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 22-cv-00294-SMY |
| | ) | |
| DR. SIDDIQUI, DR. RITZ, | ) | |
| DR. CONWAY, T. WHITE, | ) | |
| DR. BOWMAN, M. KLEIN, | ) | |
| N.P. MOLDENHAUER, | ) | |
| N.P. ZIMMER, and | ) | |
| WEXFORD HEALTH SOURCES, INC., | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Lucas Duvall, an inmate in the custody of the Illinois Department of Corrections (IDOC), filed this civil rights action under 42 U.S.C. § 1983 for alleged constitutional deprivations at Menard Correction Center.  In the Complaint, Plaintiff asserted four claims against the prison's medical staff for deliberate indifference to his chronic abdominal pain and constipation.  (Doc. 1). All four claims survived review under 28 U.S.C. § 1915A.  (Doc. 13).

Defendants Bowman, Conway, Klein, and White now move for summary judgment on Count 2 (Doc. 63), and Defendants Moldenhauer and Zimmer seek summary judgment on Count 3 (Doc. 56).  These defendants argue that Plaintiff failed to exhaust his administrative remedies in compliance with the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), before filing suit against them.  *Id*.  Plaintiff opposes both motions.  (Docs. 62, 68).  Because the evidence supports Plaintiff's position that he exhausted, or attempted to fully exhaust, his administrative remedies for these claims, summary judgment will be **DENIED**.

1

## BACKGROUND

Upon initial review of the Complaint (Doc. 1), the Court allowed four claims to proceed:

Count 1:    Eighth Amendment claim against Siddiqui and Ritz for exhibiting deliberate indifference to Plaintiff's serious medical needs by denying or delaying diagnostic testing and treatment for his chronic abdominal pain and continuing alternative treatment plans that they knew were ineffective.

Count 2:    Eighth Amendment claim against Conway, White, Klein, and Bowman for exhibiting deliberate indifference to Plaintiff's serious medical needs by denying or delaying diagnostic testing and treatment for his chronic abdominal pain.

Count 3:    Eighth Amendment claim against Moldenhauer and Zimmer for exhibiting deliberate indifference to Plaintiff's serious medical needs by failing to provide medical treatment for Plaintiff's constipation and denying or delaying diagnostic testing and treatment for his chronic abdominal pain.

Count 4:    Eighth Amendment claim against Wexford Health Sources for maintaining policies and practices that resulted in medical providers at Menard denying or delaying diagnostic testing and treatment for Plaintiff's chronic abdominal pain and continuing alternative treatment plans that were ineffective.

(Doc. 13).  Defendants move for summary judgment on Counts 2 and 3.[1]  (Docs. 56, 63).

With respect to Count 2, Defendants Conway, White, Klein, and Bowman point out that Plaintiff never identified them by name in the two grievances addressing their treatment of his chronic abdominal pain (Grievance No. 249-7-20 and Emergency Grievance No. 3-12-20).  They argue that as each of these individuals was identified by name in the response to Grievance No. 249-7-20, Plaintiff could have initiated a grievance against them but simply chose not to name them.

---

[1] Defendants Siddiqui and Ritz did not move for summary judgment on Count 1, and Defendant Wexford Health Sources, Inc. did not move for summary judgment on Count 4.  The deadline for doing so expired on August 30, 2023, and these defendants did not seek an extension.  *See* Doc. 54.  The Court finds that Defendants Siddiqui, Ritz, and Wexford have **WAIVED** the affirmative defense based on exhaustion.  Counts 1 and 4 shall therefore proceed to merits discovery, once the Court resolves the issue of exhaustion as to Counts 2 and 3.

For his part, Plaintiff argues that these defendants received sufficient notice of his grievance in the Grievance Officer's response to Grievance No. 249-7-20 because the officer identified each one of them by name as the parties who received notice that his medical care for stomach pain was not working.  He points out that the Grievance Officer also identified IDOC Department of Health Services, generally, as receiving notice and that all of these same parties received notice of Plaintiff's appeals on or around June 18, 2020, August 27, 2020, and September 9, 2020.

With respect to Count 3, Defendants Moldenhauer and Zimmer seek summary judgment based on Plaintiff's late appeal of Grievance No. 269-9-21 to the Administrative Review Board (ARB).  (Doc. 56).  Plaintiff filed a timely appeal of the Chief Administrative Officer's (CAO) decision on his grievance with the ARB on December 3, 2021, but the ARB rejected the 1-sided photocopies of his 2-sided grievance documents as incomplete on December 7, 2021.  Plaintiff resubmitted complete paperwork the first week of January 2022,[2] and the ARB rejected it as late because Plaintiff resubmitted it more than 30 days after the CAO responded to his original appeal on November 18, 2021.

Plaintiff contends that prison officials thwarted his good faith efforts to exhaust this grievance.  He asserts that the law librarian provided him with incomplete copies of his grievance documents.[3]  He further asserts that grievance officials then applied inconsistent procedural rules when they accepted his grievance with the incomplete copies and issued a decision on the merits

---

[2] Moldenhauer and Zimmer state that this appeal was filed January 3, 2022 (*see* Doc. 57, ¶ 9, Ex. A, ARB 3), and Bowman, Conway, Klein, and White state that it was filed January 6, 2022 (*see* Doc. 64, ¶ 15, Ex. A, p. 33, Ex. B).

[3] According to Plaintiff, the ARB has an unwritten policy requiring inmates to retain a copy of all grievance documents.  Plaintiff was aware of this policy, so he submitted his original grievance documents to the law librarian with prepayment for 2-sided photocopies before initiating the grievance process.  The law librarian returned 1-sided copies, allegedly due to a shortage of paper and toner.  Plaintiff retained the originals and submitted the 1-sided copies with his timely-filed grievance(s) and appeal(s).  He argues that he attempted to exhaust his administrative remedies in good faith and was unable to do so because of the law librarian.  *Id*.

before rejecting his appeal as incomplete in the final stage of the process.  Finally, he asserts that

the ARB also failed to inform him that the deadline for resubmitting his complete grievance appeal

remained December 18, 2021 (*i.e.*, 30 days after the CAO responded on November 18, 2021).[4]

Plaintiff argues that the obfuscation of these procedures and deadlines prevented him from

completing the final step of the grievance process.  He asks the Court to deny summary judgment

on Count 3.

**FINDINGS OF FACT**

Plaintiff's claims in Counts 2 and 3 are addressed in three grievances: (1) Grievance

No. 249-7-20; (2) Emergency Grievance No. 3-12-20; and (3) Grievance No. 269-9-21.  The

parties do not dispute the following facts regarding these grievances and appeals.[5]

**Grievance No. 249-7-20**

Plaintiff filed Grievance No. 249-7-20 to complain about the denial of medical care for

severe abdominal pain by specific providers on July 20, 2020.  (Doc. 64, ¶ 3, Ex. A, ARB 50-51,

Ex. B; Doc. 64-2, ¶ 9).  Plaintiff did not mention Bowman, Conway, Klein, or White or the IDOC

Office of Health Services.  *Id*.  A Counselor responded to the grievance on December 15, 2020,

by referencing the Health Care Unit (HCU) Administrator's response to another grievance, *i.e.*,

Emergency Grievance No. 3-12-20 (discussed below), and indicating that his grievance was

already addressed.  (*Id*. at ¶ 4, Ex. A, pp. 50-52, Ex. B; Doc. 64-2, ¶ 11).  Plaintiff appealed to the

Grievance Officer, and the appeal was reviewed December 29, 2020.  (*Id*. at ¶ 5, Ex. A, pp. 48-49,

Ex. B; Doc. 64-2, ¶¶ 12-13).  The Grievance Officer's response included a note from the HCU

---

[4] Had the ARB extended the deadline by thirty days when it rejected his appeal on December 7, 2021, Plaintiff's complete appeal would have been timely filed.  *Id*.

[5] In regard to Grievance No. 249-7-20 and Emergency Grievance 3-12-20, Plaintiff does not dispute Defendants' recitation of facts but opposes the characterization of these two grievances as inadequate notice of his complaints against Defendants.  As for Grievance No. 269-9-21, Plaintiff has no objection to the facts set forth by Defendants. (*See* Doc. 62, p. 1) ("Duvall does not dispute Defendants' recitation of material facts.").

4

Administrator, again in response to Emergency Grievance No. 3-12-20, indicating that Plaintiff's case had been appealed to the IDOC Office of Health Services, including Bowman, Conway, Klein, and White.  *Id*.  When these individuals did not respond, the appeal was sent to them a second time.  (Doc. 64-1, pp. 17-18).  Plaintiff appealed to the ARB, and his appeal was deemed moot on May 7, 2021.  (*Id*. at ¶ 6; Doc. 64-2, ¶ 14).

### Emergency Grievance No. 3-12-20

While Grievance No. 249-7-20 was pending, Plaintiff filed Emergency Grievance No. 3-12-20 on November 29, 2020.  (Doc. 64, ¶ 7, Ex. A. pp. 60-61, Ex. B).  The emergency grievance mentions specific medical providers.  *Id*.  However, Bowman, Conway, Klein, White and the IDOC Office of Health Services are not among them.  *Id*.  The CAO deemed the grievance an emergency on December 2, 2020.  (Doc. 64, ¶ 8, Ex. A, pp. 58-60, Ex. B).  A Grievance Officer reviewed it on December 8, 2020.  *Id*.  The Grievance Officer's response included a note from the HCU Administrator indicating that Plaintiff's case had been appealed to the IDOC Office of Health Services, including Bowman, Conway, Klein, and White.  (Doc. 64, ¶ 9, Ex. A, pp. 58-59, Ex. B; Doc. 64-1, p. 27).  Plaintiff appealed this decision to the ARB on February 12, 2021.  (*Id*. at ¶ 10, Ex. A, p. 57, Ex. B).  The ARB returned it to Plaintiff for failure to follow DR 504.810.  *Id*.

### Grievance No. 269-9-21

Plaintiff submitted Grievance No. 269-9-21 on September 23, 2021.  (Doc. 57, ¶ 4, Ex. A, ARB Records 5-7; Doc. 62, p. 1; Doc. 64-2, ¶¶ 21-22).  He stated that specific medical providers, including Moldenhauer and Zimmer, denied or delayed treatment for his constipation and abdominal pain after his x-ray results were erroneously described as normal in his medical records

on January 21, 2021.[6]  *Id*.  A Counselor responded to the grievance on November 2, 2021 and referred Plaintiff to a response from the HCU Administrator indicating that Plaintiff never submitted written requests to discuss the results of his medical tests with anyone.  (Doc. 64-2, ¶¶ 23-24).  Plaintiff's next step was to submit his grievance appeal to a Grievance Officer for a recommendation to CAO.  (Doc. 57, ¶ 6; Doc. 62, p. 1; Doc. 64-2, ¶¶ 23-24).  The CAO denied Plaintiff's grievance as moot on November 18, 2021, after noting that Plaintiff never set up an appointment with anyone to discuss the discrepancy between his x-ray results and medical records and stated that an appointment would be scheduled.  (Doc. 57, ¶ 7, Ex. A, ARB 4; Doc. 62, p. 1; Doc. 64-2, ¶¶ 25-26).  Plaintiff appealed to the ARB.  (Doc. 57, ¶ 8, Ex. A, ARB 11-16; Doc. 62, p. 1; Doc. 64-2, ¶ 27).  The ARB received the appeal on December 3, 2021, but returned it as incomplete on December 7, 2021, because it lacked the complete grievance.  (Doc. 64-2, ¶ 27).  Plaintiff resubmitted it the first week of January 2022,[7] and the appeal was denied as untimely filed more than 30 days after the CAO's decision.  *Id*. at ¶ 28.

### LEGAL STANDARDS

Summary judgment is proper if there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The moving party is entitled to judgment as a matter of law when the pleadings, answers to interrogatories, depositions, and admissions, along with affidavits, show that there is no genuine issue of material fact.  FED. R. CIV. P. 56(c).  Any doubt about the existence of

---

[6] The grievance did not name Bowman, Conway, Klein, or White or the IDOC Office of Health Services. (Doc. 62, p. 1; Doc. 64, ¶ 11).

[7] This appeal was either filed January 3, 2022 (*see* Doc. 57, ¶ 9, Ex. A, ARB 3) or January 6, 2022 (*see* Doc. 64, ¶ 15, Ex. A, p. 33, Ex. B).

a genuine issue must be resolved in favor of the nonmoving party, *i.e.*, the prisoner. *Lawrence v. Kenosha Cty.*, 391 F.3d 837, 841 (7th Cir. 2004).

Generally, on summary judgment, the district court's role is not to weigh evidence or judge witness credibility. However, a different standard applies when deciding a motion for summary judgment on the issue of exhaustion. *Pavey v. Conley*, 544 F.3d 739, 739-41 (7th Cir. 2008). The Seventh Circuit has instructed courts to conduct an evidentiary hearing and resolve contested issues of fact regarding a prisoner's efforts to exhaust. *See Pavey*, 544 F.3d at 742. After hearing evidence, finding facts, and determining credibility, the court must decide whether to allow the claim to proceed or to dismiss it for failure to exhaust. *See Wilborn v. Ealey*, 881 F.3d 998, 1004 (7th Cir. 2018) (citing *Pavey*, 544 F.3d at 742). No hearing is required if no material facts are disputed. *See Doss v. Gilkey*, 649 F. Supp. 2d 905, 912 (S.D. Ill. 2009) (no hearing required where there are "no disputed facts regarding exhaustion, only legal questions").

Under the Prison Litigation Reform Act, a prisoner may not bring a lawsuit concerning prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey*, 544 F.3d 739, 740 (7th Cir. 2008). "The exhaustion requirement is an affirmative defense, which the defendants bear the burden of proving." *Pavey v. Conley*, 663 F.3d 899, 903 (7th Cir. 2011). For a prisoner to properly exhaust his administrative remedies, the prisoner must "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024. Exhaustion must occur before the suit is filed. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must follow the grievance process described in the Illinois Administrative Code. 20 ILL. ADMIN. CODE § 504.800, *et seq*. (2017). The regulations require an inmate to file his grievance with his counselor within sixty days of the incident, occurrence, or problem giving rise to the grievance. 20 ILL. ADMIN. CODE § 504.810(a). If the complaint is not resolved through the counselor, the grievance must be submitted to a grievance officer, who reports his or her findings and recommendations in writing to the CAO. 20 ILL. ADMIN. CODE § 504.830(e). The CAO then provides the inmate with a written decision on the grievance. *Id.* If the inmate is not satisfied with the CAO's response, he files an appeal with the IDOC Director through the ARB. 20 ILL. ADMIN. CODE § 504.850(a). The ARB must receive the appeal within thirty days of the date of the CAO's decision. *Id.* The inmate must attach copies of responses from the grievance officer and CAO to his appeal. *Id*. The ARB submits a written report of its findings and recommendations to the Director, who then makes a final determination. 20 ILL. ADMIN. CODE § 504.850(d), (e).

An inmate can file an emergency grievance using an alternative procedure. 20 ILL. ADMIN. CODE § 504.840. He may submit an emergency grievance directly to the CAO. *Id*. If deemed an emergency due to a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance is expedited for processing. *Id*. If the CAO determines that a grievance should not be handled on an emergency basis, the grievance is denied as a non-emergency, and the offender is notified, in writing, that he or she may resubmit the grievance in accordance with the standard grievance procedure. 20 ILL. ADMIN. CODE § 504.840(c).

## DISCUSSION[8]

### Count 2 – Defendants Conway, White, Klein, and Bowman

The question to be resolved regarding Count 2 is whether Conway, White, Klein, and Bowman received sufficient notice of the grievance against them to exhaust the grievance process. According to the Illinois Administrative Code, grievances must "contain factual details regarding each aspect of the offender's complaint, including what happened, when, where and the name of each person who is the subject of or who is otherwise involved in the complaint."  20 ILL. ADMIN. CODE § 504.810(c).  If the name of the person is unknown, an inmate may still file a grievance, but he "must include as much descriptive information about the individual as possible."  *Id.*

The grievance process serves the purpose of providing "prison officials a fair opportunity to address [an inmate's] complaints."  *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011).  "[A]ll that the PLRA requires" is that a grievance "alert the prison to the nature of the wrong for which redress is sought" and afford prison officials an opportunity to respond. *Westerfer v. Snyder*, 422 F.3d 570, 580 (7th Cir. 2005) (citing *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)); *Pavey*, 663 F.3d at 905-06.  In other words, a grievance does not need to provide "personal notice to a particular official that he may be sued" but rather "alert prison officials to a problem." *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004); *Turley v. Rednour*, 729 F.3d 645, 659 (7th Cir. 2013).

In the grievances in question, Plaintiff describes upper right quadrant abdominal pain that grows worse with eating and dates back to 2017; he requests diagnostic testing and treatment for the condition.  (Doc. 57-1, pp. 20-21, 30-31).  Plaintiff did not mention Conway, White, Klein, and Bowman by name in either grievance identified in connection with Count 2 (Grievance

---

[8] Both motions can be resolved without a *Pavey* hearing because there are no genuine issues of material fact in dispute.

No. 249-7-20 and Emergency Grievance No. 3-12-20).   However, in response to Plaintiff's

grievances and appeals, a grievance official responded by naming all four individual defendants

by first and last name. (Doc. 57-1, pp. 18-19, 26, 28).  Thus, Plaintiff provided enough descriptive

information in his grievances for prison officials to know, with certainty and particularity, who

was involved in this matter, thereby satisfying the grievance process and the PLRA.  The request

for summary judgment on Count 2 will be denied.

**Count 3 – Defendants Moldenhauer and Zimmer**

The parties agree that Grievance No. 269-9-21 was accepted and addressed on the merits

at each level of the grievance process until the Administrative Review Board rejected the appeal

as incomplete on December 7, 2021, and as late on January 6, 2022.[9]  On December 7, 2021, the

ARB identified the deficiency as an incomplete copy of the original grievance documents and

rejected the appeal on procedural grounds. It is undisputed that these grievance documents were

filed on time and posed no problem for grievance officers.  At all prior stages of the process,

grievance officials accepted the documents as adequate and rendered a decision on the merits.

Only at the final stage did the ARB deem the timely-filed documents incomplete and insufficient

to rule on the merits.[10]

The ARB rejected the resubmitted appeal as late on January 7, 2022.  Plaintiff submitted

his complete documentation in support of his appeal on January 3, 2022, which was within thirty

days of the ARB's initial decision on December 7, 2021.  But, the ARB rejected his second attempt

---

[9] This appeal was either filed January 3, 2022 (*see* Doc. 57, ¶ 9, Ex. A, ARB 3) or January 6, 2022 (*see* Doc. 64, ¶ 15, Ex. A, p. 33, Ex. B).

[10] In his Response, Plaintiff explains that he requested and paid for 2-sided copies of his grievance documents before initiating the grievance process.  However, the law librarian returned 1-sided copies to him, due to a paper and toner shortage.  Plaintiff does not include this statement in a sworn affidavit or declaration, and the Court offers it only as background information.  The Court's decision on this summary judgment motion does not hinge on this information.

at exhaustion on timeliness grounds.    Because he appealed the CAO's decision from November 18, 2021, the ARB expected the appeal no later than December 18, 2021.

The Seventh Circuit has made clear that a grievance addressed on the merits at the institution, even where it could have been rejected on procedural grounds, is adequate for exhaustion purposes. *Maddox v. Love*, 655 F.3d at 721-22 (7th Cir. 2011). This is because the grievance has already served the purpose of putting the prison on notice of the problem and afforded prison officials the opportunity to address the matter. *Id*. As the Seventh Circuit explains:

> [a] procedural shortcoming . . . amounts to a failure to exhaust only if prison administrators explicitly relied on that shortcoming. . . . Where prison officials address an inmate's grievance on the merits without rejecting it on procedural grounds, the grievance has served its function of alerting the state and inviting corrective action, and defendants cannot rely on the failure to exhaust defense.

*Maddox v. Love*, 655 F.3d at 721-22) (7th Cir. 2011). Consistent with this reasoning, district courts have held that when a grievance officer addresses a grievance on the merits, rather than on procedural grounds, the "ARB cannot later examine the grievance based on procedural grounds and cure the error." *Kane v. Santos*, 2020 WL 967878, at *4 (S.D. Ill. 2020) (finding that discretion to decide procedurally defective grievance on the merits lies with grievance officer and not the ARB).

Here, Plaintiff's incomplete grievance materials were deemed sufficient for a decision on the merits by grievance officers. As such, Defendants cannot now rely on the same procedural flaw as evidence that Plaintiff failed to exhaust his administrative remedies for Count 3. Defendant Moldenhauer and Zimmer's request for summary judgment will be denied.

## CONCLUSION

The Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies filed by Defendants Moldenhauer and Zimmer (Doc. 56) and Defendants Bowman,

Conway, Klein, and White (Doc. 63) are **DENIED**.  The Court will separately enter a Scheduling

and Discovery Order that lifts the stay on discovery on the merits.

     **IT IS SO ORDERED.**

     **DATED:  March 12, 2024**

                                      s/ *Staci M. Yandle*
                                      **STACI M. YANDLE**
                                      **United States District Judge**